[Civ. No. 14365. Second Dist., Div. Three. June 19, 1944.]

C. K. BRODIE, Respondent, v. EVADNA L. BARNES et al., Appellants.

Francis R. McKenna for Appellants.

Don Lake and James R. Jaffray for Respondent.

BISHOP, J. pro tem.—A judgment entered March 11, 1941, in this action, decreed "that plaintiff is the owner of and entitled to recover the proceeds and avails of that certain Policy of Insurance No. 23738 W-1167 from defendant JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, not to exceed the sum of $3365.03 and plaintiff's costs herein; that the hereinafter described real property be sold by the Sheriff of said Los Angeles County, and the proceeds thereof, after payment of costs and expenses of sale be paid to plaintiff to the amount of $3365.03 less the amount secured to plaintiff from said Insurance above mentioned, and the balance be paid to the defendant, Evadna L. Barnes; . . ."

On April 8, 1941, a WRIT OF ENFORCEMENT OF JUDGMENT ORDERING SALE OF REAL PROPERTY was issued by the clerk of the trial court, addressed to the sheriff, and the sheriff sold the real property, described in the judgment and writ, for $300. The plaintiff was the purchaser.

An appeal was taken from this judgment, and it was reversed, in part (*Brodie* v. *Barnes* (1942), 56 Cal.App.2d 315 [132 P.2d 595]), but not as to the part ordering the sale of the real estate. After the reversal, a new trial was held and a judgment entered April 28, 1943, which had the effect of setting aside the reversal, for the new judgment was but a reiteration of the old. (See *Brodie* v. *Barnes, ante,* p. 1 [149 P.2d 899], decided by us this day.) A few days before the new judgment was entered plaintiff served notice that he was going to move to set the sale of the real estate aside upon the sole ground, appearing not in his notice of motion but in the supporting affidavit, that by the terms of the judgment the ascertainment of the proceeds of the insurance policy was a condition to be performed before it could be known whether or not a sale of said real property should be made. Plaintiff made his motion, as noticed, and it was granted. It is from the order vacating the sale that the defendants appeal.

We are of the opinion that the judgment did not make the sale of the real estate conditioned upon an ascertainment of the amount to be received from the insurance policy. This being so, the writ of assistance was properly issued, presumably at the request of the plaintiff who was the judgment creditor, and the sale, to the plaintiff, was regular. No ground appears which justified setting the sale aside. The insurance policy called for a payment of $2,000. The amount of plaintiff's judgment was $3,365.03. The amount bid by plaintiff for the real estate was $300, resulting in a credit on the judgment of only $270.65, due to costs of sale. There seems no occasion for plaintiff's belated concern that the sale might not be necessary and should not have been held until it was determined what portion of the $3,365.03 judgment would not be paid by the proceeds from the $2,000 life insurance policy.

The order vacating the sale is reversed.

Desmond, P. J., and Wood (Parker) J., concurred.