C. K. BRODIE, Respondent, v. EVADNA L. BARNES et al.,
Appellants.

Francis R. McKenna for Appellants.

Don Lake and James R. Jaffray for Respondent.

BISHOP, J. pro tem.—This is the second time this action has been under review on appeal. The opinion on the first appeal, reported in *Brodie* v. *Barnes* (1942), 56 Cal.App.2d 315 [132 P.2d 595], so adequately reveals the nature of the action, its background, and the judgment that had been entered by the trial court, that we need do no more than note that the action was one wherein the plaintiff, in order to reimburse himself for some $5,000 that Barnes had embezzled from him, sought to impress equitable liens upon a $2,000 insurance policy and upon some other property which Barnes had purchased. Judgment, entered in plaintiff's favor, was reversed, but only to a limited extent and for a limited purpose. The action taken by the appellate court was unequivocal. In its opinion that court observed that of the premiums paid upon the policy over the years, only a part were paid out of the $3,365.03 which had been embezzled since May 29, 1936, that being the first day of the period of embezzlement not outlawed by the statute of limitations, according to the conclusion of the trial court. Following its observation, the appellate court continued with these two statements (p. 322): "There is no finding as to the total amount of the premiums that were paid into the policy, nor is there any finding as to the total amount of the premiums that were paid with misappropriated funds. Nevertheless, the trial court by its judgment ordered the insurance company to pay the total amount of the insurance policy over to plaintiff on the theory there was a constructive trust of the entire policy. This was error. . . . That portion of the judgment providing that plaintiff should be paid the entire insurance policy is reversed with instructions to the trial court to ascertain the amount of the total premiums on the policy and the amount of such premiums paid since May 29, 1936, and to grant plaintiff a *pro tanto* interest in the policy; the balance of, the judgment is affirmed."

Plaintiff, of the opinion that the appellate court had erred in its determination that he was entitled only to a *pro tanto* interest in the policy, instead of seeking redress by a petition for a hearing in the Supreme Court, sought and obtained it at the hands of the trial court. On the new trial

which followed the partial reversal of the judgment, instead of following the instructions of the appellate court, those concerned had their attention centered around the nature of the insurance policy, and the trial resulted in the conclusion that the policy was not one which should be prorated according to the premiums paid, and that a judgment just like that reversed should be entered declaring that the plaintiff was the owner of and entitled to recover the proceeds of the $2,000 policy, ''not to exceed the sum of $3,365.03.'' The trial court had no authority to try other issues than those directed upon the reversal, or to enter a judgment different in nature from that prescribed, and the defendants, rightly feeling themselves aggrieved, have appealed.

At the time of the oral argument of this appeal the parties stipulated that premiums totaling $269.40 had been paid upon the policy, of which sum only $80.84 had been paid since May 29, 1936. We find these to be the facts, and reverse the judgment as entered April 28, 1943, with directions to the trial court to modify its judgment of March 11, 1941, by granting to plaintiff an 80.84/269.40 interest in the proceeds and avails of the life insurance policy instead of a 100 per cent interest.

Desmond, P. J., and Wood (Parker), J., concurred.