[L. A. No. 18987. In Bank. Dec. 29, 1944.]

A. W. MATHER, Appellant, v. ANNA INEZ MATHER et al., Respondents.

Marcel E. Cerf, Robinson & Leland and Henry Robinson for Appellant.

Don Lake and James R. Jaffray for Respondents.

CURTIS, J.—This case has had a confused procedural history and various controversial points arising in connection with its ultimate determination have been under successive review by this court, as will hereinafter appear. The present appeal is from a judgment purportedly entered in accord with the most recent observations of this court in the matter. (*Mather* v. *Mather*, 22 Cal.2d 713 [140 P.2d 808].) The facts are fully stated in the cited opinion and it is but necessary here to make a brief outline of the progressive stages of this prolonged litigation as there recited.

In 1934 the plaintiff commenced this action for rescission of a property settlement agreement made between himself and his former wife, the defendant Anna Inez Mather. The complaint attacks the validity of the agreement as executed upon three grounds: (1) fraud; (2) misrepresentation; and (3) Hawaiian statutory law whereby a married woman, at the time in question, was not permitted to contract with her husband. Part of the property transferred by the agreement to the defendant Anna Inez Mather was a one-half interest in an approved claim which the plaintiff held against the estate of Louis R. Greenfield. Joined as parties defendant in the action, the administrators of said estate filed an answer in the nature of an interpleader, seeking a release from further liability on said claim by payment of the balance then in their possession—$12,549.60—according to court order. On January 4, 1935, following the successful interposal of a demurrer to the third count of the amended complaint, a formal judgment was entered to the effect that the plaintiff take nothing by his *third* cause of action. The case then proceeded to trial on the first and second counts, and at the conclusion thereof the court made findings against the plaintiff and in favor of the defendant Anna Inez Mather. Among other facts, the court found that the plaintiff assigned and transferred to the defendant Anna Inez Mather a one-half interest in his title to the approved claim against the Greenfield estate. As its conclusions of law the court decreed that the plaintiff should take nothing by reason of his complaint, that the answering defendants should have their costs, and that a temporary injunction theretofore allowed in restraint of payment on the Greenfield estate claim should be dissolved. On March 14, 1935, judgment was entered to the effect that the plaintiff take nothing by his complaint, or the *first* and

*second* counts thereof. Upon successive consideration by this court, the entry of the separate 1935 judgments was declared to be but piecemeal disposition of a single and unseverable cause, *partial* and not final judgments. (*Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174]; *Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100].)

Thereafter and on December 12, 1939, a judgment covering all *three* counts was entered, and as part thereof it was adjudged that the balance of the claim against the Greenfield estate should be paid to the defendant Anna Inez Mather. Upon the plaintiff's appeal from said 1939 judgment, the impropriety of its terms was noted by this court as follows (*Mather* v. *Mather, supra,* 22 Cal.2d 713, 718): ''To the extent of the [Greenfield estate] provision, this judgment is clearly at variance with the combined rulings of the trial court upon the order sustaining the demurrer to the third count and the findings of fact made upon the first two counts. While . . . the 'judgment' of March 14, 1935, rendered at the conclusion of the trial on counts one and two of plaintiff's complaint, did not contain any express direction that the Greenfield estate pay the money held by it on account of the claim in question and previously deposited in court, it was explicitly found by the court at that time that Anna Inez Mather had but a one-half interest in said claim. In contrast to this plain finding, the judgment here on appeal purports to award her the *entire* amount of the claim. . . . The judgment, being based upon a finding that Anna Inez Mather was the owner of one-half of the claim against the Greenfield estate, is erroneous in adjudging her to be the owner of the whole of said claim. Such condition of the record precludes affirmance of the judgment as a proper termination of this litigation.'' Accordingly, the 1939 judgment was reversed for the express purpose of securing to the parties ''the entry of a judgment *properly responsive to the prior rulings of the trial court herein*—the findings made at the conclusion of the trial on the first two counts and the order sustaining the demurrer to the third count of the complaint—[which] would simply serve to complete the judgment roll in effectively disposing of *all the issues in controversy* by a single pronouncement of decision as to the *entire case.*'' (Italics added.) (22 Cal.2d 719-720.)

Despite this plain language as to the scope of a proper

judgment in final determination of this case, the defendants Anna Inez Mather and Lessie G. Williams (an interested party under the property settlement agreement) procured on November 1, 1943, the entry of a judgment which, though purporting to be ''in accordance with [the] order made on demurrer and [the] findings of fact and conclusions of law'' previously filed, nevertheless failed entirely to make any reference to the disposition of the claim against the Greenfield estate. This omission was error and contrary to the express mandate of this court in its reversal of the above mentioned 1939 judgment, with directions that a proper judgment, in response to the finding theretofore made on the issue, should in effect provide for the equal division of said claim between the parties, in pursuance of the terms of their property settle-- ment agreement. Therefore, since the amount held on account of that claim was found to be $12,549.60, each of the parties would be entitled to one-half thereof, and upon the reversal in this case as just recited the trial court had no authority to enter a judgment other than as prescribed in settlement of ''all the issues in controversy by a single pronouncement of decision as to the entire case.'' While there appears in the record a complicated mathematical argument whereby the defendant Anna Inez Mather seeks to show that she is entitled to the *whole amount* of said claim, the point of division has already been finally decided as stated, and the plaintiff justly feels aggrieved with the terms of a judgment which, through entire disregard of an adjudicated matter, fails to protect his interest. Accordingly, he must prevail on this ground for reversal as here presented. (*Cowdery* v. *London etc. Bank,* 139 Cal. 298, 307 [73 P. 196, 96 Am.St.Rep. 115] ; *Rice* v. *Schmid, ante,* pp. 259, 263 [153 P.2d 313] ; *English* v. *Olympic Auditorium, Inc.,* 10 Cal.App.2d 196, 201 [52 P.2d 267] ; *Brodie* v. *Barnes,* 65 Cal.App.2d 1, 3 [149 P.2d 899].)

The remaining point to be considered on this appeal is the plaintiff's charge that the trial court erred in sustaining the demurrer to the third count of the complaint as amended. According to the allegations of that count, the property settlement agreement here under attack was made in Hawaii on June 16, 1933, at which time, according to the law then in effect in that jurisdiction, a married woman might not contract with her husband. It is further pleaded that the agree-

ment was fully executed and performed in that territory at the date mentioned, and that the plaintiff thereby "transferred, conveyed, assigned and set over unto the defendant Anna Inez Mather" certain specified property. Relying upon the principle that the *lex loci contractus* determines the validity or invalidity of such agreement, the plaintiff sought its rescission upon the premise that it represented a transaction contrary to the express stipulation of the Hawaiian law. No decisions of the courts of Hawaii bearing upon the construction of the statute here involved under comparable circumstances have been cited by the parties, nor has independent research disclosed any pertinent authority from that jurisdiction. In such situation this court has placed its own interpretation upon the language of the Hawaiian statute in proof in this case (5 Cal.Jur., § 11, pp. 430-431) and has concluded that the plaintiff's position may not be maintained because it appears to rest upon a misconception of the scope of the statutory disability.

While it is true that the effective statute specified that "a married woman" might not "*contract* with her husband," it further provided that "any *deed* executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons." (Italics added.) (Revised Laws of Hawaii, § 4645.) Upon the basis of such distinction, the word "contract" suggests the making of an agreement in contemplation of the parties' *future* performance of respective obligations assumed under its terms as the type of transaction to which the statutory disability was directed, and that a fully consummated act of transfer between the spouses was not intended to fall within the same category nor be subject to like attack. To illustrate the pertinent point here, the law recognizes, as a matter of classification, two kinds of contracts —executory and executed. The *former* is one in which some act remains to be done, while the *latter* is one where everything is completed at the time of agreement, without any outstanding promise calling for fulfillment by the further act of either party. It has been said that if a transaction is fully executed on both sides, it is not properly described as a contract (Williston on Contracts (rev. ed.), vol. I, § 14, p. 21), but, as a transfer of title to property, is more closely akin to a conveyance. (Page on Contracts (2d ed.), vol. I, § 53, p. 70.) Chief Justice Marshall, speaking for the United States

Supreme Court in *Fletcher* v. *Peck,* 6 Cranch (U. S.) 87, 136-137 [3 L.Ed. 162], used the following language: "An executory contract is one in which a party binds himself to do, or not to do, a particular thing; . . . A contract executed is one in which the object of the contract is performed; and this, says Blackstone, differs in nothing from a grant." Since the cited Hawaiian statute expressly authorized *deeds* executed between the spouses, thus departing from the restraints of the common law as to such conveyances, it would seem also from a comparable legal aspect to validate the fully completed *transfers of property* under the executed property settlement agreement between the parties here concerned, and that whether the transfers covered real or personal property is of no material consequence insofar as the principle of the statutory distinction is pertinent. It therefore appears that the trial court properly held the third count of the plaintiff's amended complaint to be vulnerable to demurrer as failing to state a cause of action upon the basis of the Hawaiian law.

The foregoing discussion disposes of the points of argument presented by the parties on this appeal. Accordingly, the judgment herein is reversed, with directions to the trial court to bring this case to a proper termination by including in its judgment a provision that the sum now held on account of the claim against the Greenfield estate be paid as follows: one-half to the plaintiff, A. W. Mather, and one-half to the defendant Anna Inez Mather.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.