[Civ. No. 15117.   Second Dist., Div. Three.   Apr. 12, 1946.]

IRENE M. HARROUN, Respondent, v. EVADNA L. BARNES et al., Appellants.

Britton Bowker for Appellants.

Don Lake for Respondent.

WOOD, J.—In this action to quiet title to real property, the defendants appeal from the judgment in favor of plaintiff.

Plaintiff claims title by grant deed from C. K. Brodie, who claimed title under the ''decision'' in a certain action, which decision, according to plaintiff, appeared in the findings of fact and conclusions of law, as distinguished from the judgment therein. Defendant McKenna claims title under a certificate of redemption issued by the sheriff to him, as successor in interest of Evadna L. Barnes, after a sale of the prop-

erty under the provisions of the judgment in that action. Plaintiff contends further that there was no right of redemption under such a sale.

Defendant Evadna L. Barnes is the widow of W. B. Barnes, who had embezzled about $5,000 from his employer, Brodie Bros., Inc. A part of that money was used by Barnes and his wife to purchase the real property involved herein and to pay premiums on his life insurance. After the death of Barnes in 1939, C. K. Brodie, the successor and assignee of Brodie Bros., Inc., sued Barnes' executors, who were his widow and son, to recover the stolen money, and in that action he obtained judgment on March 11, 1941, for $3,365.03. Recovery of the stolen money in excess of the amount of said judgment was barred by the statute of limitations as of 1936. That judgment provided that the *entire* proceeds of the insurance, $2,000, should be paid to plaintiff. It also provided that the real property should "be sold by the sheriff . . . and the proceeds thereof, after payment of costs and expenses of sale, be paid to the plaintiff to the amount of $3,365.03, less the amount secured to plaintiff from said insurance above mentioned, and the balance to be paid to the defendant, Evadna L. Barnes, and in case said insurance and real property do not produce the sum of $3,365.03 and plaintiff's costs herein to plaintiff, that a judgment be entered against the Estate . . . for the amount of such deficiency."

On April 8, 1941, at the request of plaintiff therein, execution was issued, and thereafter publication of notice of sale of said real property was made. At the sheriff's sale on June 16, 1941, the plaintiff Brodie purchased the real property for $300, and the sheriff issued and delivered his certificate of sale to plaintiff and recorded a duplicate thereof. The certificate of sale recited thereon: "That the same is subject to redemption in like cash, lawful money of the U.S., pursuant to the statutes made and provided."

On July 11, 1941, Mrs. Barnes and Francis R. McKenna entered into an agreement whereby she agreed to sell to him and he agreed to buy from her the said real property for $1,800. On July 30, 1941, Mr. McKenna asked the sheriff what amount of money was required in order to redeem the property. On August 2, 1941, said plaintiff filed a notice of motion to set aside the execution sale and to quash the execution. On August 4, 1941, Mrs. Barnes executed a grant deed to said property to Mr. McKenna, as grantee, which deed was

recorded on that day. On August 5, 1941, at the instance of said plaintiff, an order to show cause was issued directing that the executors show cause on August 6, 1941, why they should not be restrained from procuring a certificate of redemption pending the determination of the motion to set aside the sale and execution; and also on that day an order was made restraining the issuance of a certificate of redemption pending the hearing of the order to show cause. On August 6, the motion to set aside the sale and quash the execution was denied, and said restraining order was dissolved. No appeal was taken from those orders and they became final.

The defendants in that case, the executors, appealed from said judgment above mentioned, and that portion of the judgment providing that the *entire* insurance proceeds be paid to plaintiff was reversed with a direction to ascertain the amount of premiums paid since 1936, and to grant plaintiff a *pro tanto* interest in the proceeds—some of the premiums having been paid before 1936, the date prior to which stolen money could not be recovered; and the portion of the judgment concerning the real property was affirmed. (*Brodie* v. *Barnes* (1942), 56 Cal.App.2d 315 [132 P.2d 595].)

Upon the retrial of that case in April, 1943, after the reversal, the trial judge did not follow the direction relative to granting a *pro tanto* interest in the insurance proceeds, but rendered judgment again that plaintiff should recover the entire proceeds. That judgment was reversed on appeal with a direction that judgment for plaintiff be entered for a certain fractional interest of the proceeds. (*Brodie* v. *Barnes* (1944), 65 Cal.App.2d 1 [149 P.2d 899].) A few days before that second judgment was rendered in the trial court, the plaintiff therein made another motion to set aside the sale, stating as the sole ground therefor that the ascertainment of the amount of the insurance proceeds was a condition to be performed before it could be known whether a sale of the property should be made. That motion was granted, but that ruling was reversed on appeal. (*Brodie* v. *Barnes* (1944), 65 Cal. App.2d 3 [149 P.2d 900].) In the opinion reversing that order it was said: ". . . the writ of assistance was properly issued . . . and the sale . . . was regular. No ground appears which justified setting the sale aside. . . . The amount bid by plaintiff . . . was $300, resulting in a credit on the judgment of only $270.65, due to costs of sale. There seems no occasion for plaintiff's belated concern that the sale might not be neces-

sary and should not have been held until it was determined what portion of the $3,365.03 judgment would not be paid by the proceeds from the $2,000 life insurance policy.''

At the trial in this present case, the plaintiff Harroun introduced in evidence a grant deed to said real property, dated August 1, 1941, made by Mr. and Mrs. Brodie, as grantors, to plaintiff, as grantee. The plaintiff then introduced in evidence, by reference, the judgment roll in the above-mentioned action, and she directed attention particularly to the findings of fact and conclusions of law.

Also at the trial herein, the defendant McKenna introduced in evidence a grant deed to said real property, dated August 4, 1941, made by defendant Evadna L. Barnes, as grantor, to him, as grantee. He then introduced in evidence a certificate of redemption, covering said real property, issued to him by the sheriff on August 6, 1941, and recorded on August 8, 1941.

It was stipulated that Mr. and Mrs. Barnes took title to said real property as joint tenants.

After both sides had rested, and while the case was being discussed by the judge and counsel, the plaintiff introduced in evidence the return of the sheriff, filed June 19, 1941, showing that the property had been sold to C. K. Brodie for $300, that a certificate of sale had been delivered to him and that a duplicate thereof had been filed in the recorder's office.

Appellants contend that the evidence did not show title in the plaintiff, but on the contrary showed title in defendant McKenna by reason of the grant deed from Mrs. Barnes (who was the surviving joint tenant) and the certificate of redemption.

Respondent states that she does not claim title through the sale proceedings, that she claims title as above indicated through the findings of fact and conclusions of law, and that her title was ''derived through the embezzlement, the purchase of the property with the embezzled money and the acquisition of title by respondent from C. K. Brodie.'' She argues that a certain finding in the action by C. K. Brodie to recover the stolen money, established that he was the owner of the property. She refers to the finding therein, upon the subject of C. K. Brodie being the successor to Brodie Bros., Inc. That finding stated that ''. . . said corporation, Brodie Bros. Inc., was . . . dissolved according to law, leaving as the sole owner of its corporate stock, plaintiff herein, C. K.

Brodie, who . . . is the owner of all the property, assets, books, choses in action, accounts, rights, titles and interests theretofore owned and possessed by said corporation, including the right, title and interest in and to all of said $3,365.03 so coming into the hands of said W. B. Barnes and retained by him, and to any and all properties into which said money or any part thereof has been transmuted by the acts of said W. B. Barnes, or the defendant Evadna L. Barnes." Respondent (plaintiff) asserts, as above indicated, that said finding and the conclusions of law constituted the decision in the action, and that decision was that C. K. Brodie was the owner of said real property. The defendants therein, executors of the Barnes will, had challenged the right of C. K. Brodie, individually, doing business as Brodie Bros., to maintain the action, as distinguished from the right of Brodie Bros., Inc., a corporation, the employer of Barnes, to maintain it. ■ It is to be noted that said finding was a paragraph of the findings relating to the status of C. K. Brodie as successor of Brodie Bros., Inc., a corporation; it being stated therein that he was owner of "rights, titles and interests *theretofore owned*" by the corporation, "including the right, title and interest in and to . . . any and all properties into which said money . . . had been transmuted by the acts of said W. B. Barnes. . . ." (Italics added.) The proper interpretation of that finding, insofar as ownership of this property is concerned, is that if the corporation had theretofore owned any right, title or interest in property which had been purchased with the stolen money, then C. K. Brodie, as successor to the corporation, was the owner of such right, title or interest. In *Brodie* v. *Barnes, supra,* 56 Cal.App.2d 315, it was said, at page 321: "The trial court's finding demonstrates that respondent succeeded to the ownership of all assets of the corporation, including *this claim.* . . ." (Italics added.) It is also to be noted that one of the conclusions of law, which respondent asserts was a part of the decision that Brodie was the owner of this property, was "That plaintiff is entitled to have said real property sold *as on execution* under judgment herein. . . ." (Italics added.) That conclusion cannot be reconciled with a decision that Brodie was the owner.

■ As to the right, title and interest of Brodie, as such successor, in the property here involved, the judgment is determinative. It is significant that the judgment provided that he was owner and entitled to recover the proceeds of the in-

surance policy, but as to the real property here involved it provided that it be sold by the sheriff and the proceeds be paid to Brodie to the amount of $3,365.03, less the amount secured from the insurance, and the balance of the proceeds, if any, to be paid to Mrs. Barnes; and that if such proceeds be not sufficient to produce $3,365.03, then judgment be entered for the deficiency. Such provision indicates that, in considering ownership, a distinction was made between Brodie's interest in the insurance and his interest in the real property,— ownership being limited to the insurance. It was decided in *Brodie* v. *Barnes, supra,* 56 Cal.App.2d 315, at page 322, that under the said judgment C. K. Brodie was not the owner of said real property. It was there said: "It will be noted that the trial court *did not give plaintiff the real property* as it might well have done. It limited plaintiff's rights to *a lien,* ordered the property sold, and provided that the recovery by plaintiff should be limited to the amount embezzled." (Italics added.) As to the fact that Brodie bid $300 for the property which he claimed he already owned, respondent asserts in effect that it was of no significance and it "simply added to the loss" already sustained. It was not determined by said judgment, or by the findings and conclusions of law, that C. K. Brodie was the owner of said property, but the judgment did establish that he had a lien upon said real property.

Respondent asserts further that the sale provided for in the judgment was "in the nature of a partition," and there was no right of redemption. The conclusion of law, "That plaintiff is entitled to have said real property sold as on execution," indicates that it was not intended that there be a partition sale. The provision in the judgment for a deficiency judgment indicates that the sale was not to be one in partition. Under the terms of the judgment, the plaintiff having a lien upon the real property, it was proper, in following the direction that the real property "be sold by the Sheriff," to sell it as on execution. A sale under execution is subject to redemption. (Code Civ. Proc., § 700a.) The certificate of sale, which recited "That the same is subject to redemption," was in Brodie's possession about six weeks—until defendant McKenna inquired concerning the amount necessary to redeem—before he raised any question as to the sale or the right to redeem. When he did move to vacate the sale and to enjoin the issuance of a certificate of redemption, the trial court

denied the motion, and that decision became final in 1941. It was decided in *Brodie* v. *Barnes, supra,* 65 Cal.App.2d 3, upon appeal from a later order vacating the sale, that the sale was regular and there was no ground for setting it aside. That decision became final in 1944. The sale was not one in partition, and there was a right of redemption.

Brodie's bid of $300 indicates that he intended to acquire the property for considerably less than its value and thereby to regain some of the stolen money, the recovery of which had been barred by the statute of limitations. As to the value of the property, the record shows that at least $2,248 had been paid by Mr. and Mrs. Barnes on the purchase price. He had been awarded the insurance proceeds of approximately $2,000 (at the time of the bid), and the right to a deficiency judgment. He had recovered judgment for $3,365.03, and the statute had barred the recovery of approximately $2,000 of the stolen money. The judgment in his favor in the action to recover the stolen money afforded him an opportunity, upon making an adequate bid, to acquire the whole property or the full amount of his loss (less that barred by statute) in the event the property should be redeemed.

The judgment is reversed, and the superior court is directed to enter judgment in favor of defendant McKenna quieting title to said real property.

Desmond, P. J., and Shinn, J., concurred.

A petition for a rehearing was denied May 1, 1946, and respondent's petition for a hearing by the Supreme Court was denied June 6, 1946.