WILLIAM ANDY WHITT v. TIMA (A/K/A TINA) McFADDEN WHITT

No. 7618DC501

(Filed 5 January 1977)

1. **Husband and Wife § 12— separation agreement — executory provisions**
   "Executory provisions" of a separation agreement are those provisions which require a spouse to do some future act in accordance with the terms of the agreement, such as to pay alimony and child support, and one spouse may not transform a provision in a separation agreement which is otherwise fully executed into an executory provision merely by fraudulently avoiding compliance with the executed covenant.

2. **Husband and Wife § 12— separation agreement — breach of duty to convey property — effect of reconciliation**
   Where a separation agreement required plaintiff to convey two tracts of realty to defendant and defendant to convey to plaintiff her

interest in all other land held by the entirety, and plaintiff effectively transferred the two tracts to defendant but defendant refused to sign two of the deeds conveying her interest in entirety property to plaintiff, the provision requiring defendant to convey property to plaintiff was not executory, defendant's failure to sign the deeds was a breach of an executed contract, and defendant's duty to convey was therefore not voided by the subsequent reconciliation of the parties.

APPEAL by defendant from *Fowler, Judge*. Judgment entered 16 April 1976 in District Court, GUILFORD County. Heard in the Court of Appeals 21 October 1976.

This is an action for specific performance brought by plaintiff husband to compel defendant wife to convey certain properties to him pursuant to a separation agreement. The case was submitted upon facts stipulated by both parties and was tried by a judge sitting without a jury. The stipulated facts are summarized as follows. In the spring of 1970, defendant moved out of the marital bedroom into a separate bedroom subsequently shared by one of the children of the marriage. For some months thereafter, plaintiff and defendant discussed a permanent separation and the terms of a separation agreement and property settlement. These discussions resulted in a conference with an attorney in which plaintiff and defendant reached a tentative, oral agreement regarding the property settlement. The agreement provided, *inter alia*, that plaintiff was to convey two tracts of real property to defendant, and in return, defendant was to convey all other land previously held by the entirety.

On 15 August 1970, plaintiff and defendant again met with their attorney to sign the necessary documents. The deed of separation provided, *inter alia*, that:

"Tima McFadden Whitt, party of the second part, does hereby agree to convey to the said William Andy Whitt, party of the first part, all other lands heretofore owned by said parties as tenants by the entirety."

The attorney discussed the instruments he had prepared so that plaintiff and defendant would each understand the effects of the documents. They then went to the Guilford County Magistrate's Office where plaintiff, after discussing the terms of the settlement with the magistrate, signed the deed of separation and all deeds pursuant thereto. The magistrate then administered a privy examination of defendant in the absence of

plaintiff and the attorney. Plaintiff was called back into the room where he observed defendant sign the deed of separation and what he assumed to be all of the deeds. Shortly thereafter, plaintiff discovered that defendant had not signed two of the deeds which had been prepared and presented to her for signature. That evening, plaintiff asked defendant to sign the remaining deeds. Although she initially agreed to sign, she subsequently refused to do so.

Defendant purchased a house trailer and had it placed on land which she received as part of her property settlement with plaintiff. Beginning in early August 1970, defendant resided in her trailer and kept custody of three of her children pursuant to the separation agreement. In December of that year, shortly before Christmas, defendant returned to her former residence, and she and plaintiff lived together again for approximately two years. Then, in January 1973, defendant moved back to the trailer and since 3 March 1973 has not returned to or lived in plaintiff's residence.

On 16 April 1976, the trial judge entered a judgment which incorporated the facts as stipulated and further found:

"(B) On August 15, 1970, the time at which the parties hereto, together with counsel, went to the office of the Magistrate, it was understood and agreed that, upon the due execution by the Magistrate of the privy exam required on behalf of the defendant that each party, respectively, would then, there and at that time convey to each other, respectively, those lands as required of each in Paragraph (6) and Paragraph (7) of said Deed of Separation.

There is no evidence before the Court that either party understood that the delivery or the exchange [of] deeds was to be at any time in the future or at any other time than upon the due execution by the Magistrate of the privy exam required of the wife.

(C) Notwithstanding the aforesaid agreement and understanding of the parties, upon the execution of the privy exam by the Magistrate, the defendant knowingly and intentionally failed to sign two of the deeds required of her and knowingly and intentionally failed to deliver them to the plaintiff and immediately departed from the Magistrate's office without the plaintiff having an opportunity

to ascertain that two of said deeds had not been signed by her.

(D) The plaintiff, upon learning that the defendant had failed to sign two of the deeds, immediately, and at all times thereafter, made continual efforts to obtain the signature of the defendant to said deeds.

(E) On or about December 23, 1970, the plaintiff and the defendant resumed the marital relationship. The plaintiff and the defendant continued to live together as husband and wife until on or about the 3rd day of March, 1973, at which time the defendant moved from the residence occupied by the parties.

(F) From August 15, 1970, through and including March 3, 1973, and continuing thereafter, the plaintiff and the defendant, by their conduct, treated the Deed of Separation as an executed agreement insofar as the terms of Paragraph (7) were applicable. Specifically, the plaintiff continuously and repeatedly attempted to obtain the signature of the defendant on the deeds to the property which is the subject to this action.

On several occasions the defendant consented to sign said deeds but subsequently refused to in fact execute the same. The defendant understood at all times that her failure to execute the deeds constituted a refusal to comply with Paragraph (7) of the agreement. At no time, as evidenced by their conduct and actions as aforesaid, did either of the parties treat Paragraph (7) and its requirements as having been rescinded by the resumption of the marital relationship or as giving the defendant the right to comply at some indefinite time in the future subsequent to August 15, 1970."

The judgment concluded as a matter of law that the parties' deed of separation was an "executed agreement," that the defendant's covenant to convey was " . . . not executory in nature and required the defendant to comply with its terms concurrent with the execution of the entire agreement . . . " ; that defendant's failure to sign the two deeds constituted the breach of an executed contract; and that the resumption of the marital relationship by the parties did not void the provisions of the agreement requiring defendant to execute the deeds to plaintiff.

---

Whitt v. Whitt

---

Based on the findings and conclusions, the judgment ordered defendant to convey the property in question to plaintiff. Defendant appeals from that judgment.

*Pell, Pell and Weston, by Jerry S. Weston, for plaintiff appellee.*

*Younce, Wall and Suggs, by Robert V. Suggs, for defendant appellant.*

MORRIS, Judge.

The sole issue for consideration in this case is whether the trial court erred when it concluded as a matter of law that the provision in the deed of separation, which required defendant to convey the property to plaintiff, was not executory and, therefore, was not voided by the subsequent reconciliation of the parties.

The general rule in North Carolina concerning the effect of a reconciliation upon the terms of a separation agreement was set forth in *Jones v. Lewis*, 243 N.C. 259, 261, 90 S.E. 2d 547, 549 (1955):

> "It is well established in this jurisdiction that where a husband and wife enter into a separation agreement and thereafter became reconciled and renew their marital relations, the agreement is terminated for every purpose insofar as it remains executory. (Citations omitted.) Even so, a reconciliation and resumption of marital relations by the parties to a separation agreement would not revoke or invalidate a duly executed deed of conveyance in a property settlement between the parties . . . . "

See also *Newton v. Williams*, 25 N.C. App. 527, 214 S.E. 2d 285 (1975). Defendant contends that the provision in the deed of separation was executory in nature, or at least unexecuted, and that upon the resumption of the marital obligations of the parties, the provision was voided. We disagree.

[1] Defendant argues that since she did not sign all the deeds as she promised to do in the deed of separation, the provision requiring her to do so is "executory." In other words, she maintains that the provision is "executory" merely because it is as yet "unexecuted." This, however, is a *non sequitur*. An "executory contract" is one in which a party binds himself to do or

Whitt v. Whitt

not to do a particular thing *in the future*. When all future performances have occurred and there is no outstanding promise calling for fulfillment by either party, the contract is no longer "executory," but is "executed." See: *In re Capital Service*, 136 F. Supp. 430 (S.D. Cal. 1955) ; *Mather v. Mather*, 25 Cal. 2d 582, 154 P. 2d 684 (1944) ; 17 C.J.S., Contracts, § 7, p. 576. Thus when our cases speak of the "executory provisions" of a separation agreement, they are referring to those provisions which require a spouse to do some future act in accordance with the terms of the agreement, such as to pay alimony, child support, etc. One spouse may not transform a provision in a separation agreement which is otherwise fully executed into an executory provision merely by fraudulently avoiding compliance with the executed covenant.

[2]    Here, the deed of separation called for plaintiff to convey certain property to defendant and for defendant to convey to plaintiff all her interest in their property held by the entirety. While it could be argued that defendant's signing and delivery of the deeds was implicitly conditioned upon reciprocal conveyances by plaintiff, this condition was satisfied when plaintiff effectively transferred the property according to the terms of the agreement. There were no other additional conditions or covenants to be performed in the future by either spouse. Thus, the trial judge could properly conclude, as he did, that the provision in question was " . . . not executory in nature and required the defendant to comply with its terms concurrent with the execution of the entire agreement." Consequently it was also entirely proper for the judge to conclude that defendant's failure to sign the deeds constituted a breach of an executed contract, and that defendant's duty to convey was not voided by the parties' subsequent resumption of the marital relationship.

No error.

Judges CLARK and ARNOLD concur.