BETTY LANIER CARLTON v. CLARENCE EDGAR CARLTON

No. 8421DC752

(Filed 21 May 1985)

**Divorce and Alimony § 30— equitable distribution—separation agreement—subsequent reconciliation—effect of executory and executed provisions**

Provisions of a 1963 separation agreement in which plaintiff relinquished all rights and interests in property "hereafter acquired" by defendant and in which the parties agreed to a full and final settlement of any property rights "that might arise in the future" were executory provisions which became void as to property acquired after they resumed the marital relationship, and a suit for equitable distribution of such property was proper. However, if the parties did divide and convey property prior to resuming the marital relationship, provisions of the separation agreement concerning such property were executed, and an equitable distribution suit to divide that property is barred unless the evidence shows an intent to cancel those provisions of the separation agreement.

APPEAL by plaintiff from *Harrill, Judge.* Judgment entered 5 June 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 12 March 1985.

This case concerns whether a separation agreement entered into by the parties bars an action by the plaintiff for equitable distribution.

The parties were married on 18 May 1961. They entered into a Deed of Separation in October 1963. Plaintiff maintains that notwithstanding the separation agreement, the parties resumed the marital relationship and lived together as husband and wife until 25 March 1982.

On 21 November 1983, plaintiff brought suit requesting an equitable distribution of marital assets accumulated through 25 March 1982. In his answer, as amended, defendant contends that the parties separated in 1963, not in 1982, and that the plaintiff's equitable distribution action is barred by the separation agreement entered into in 1963.

The defendant moved for summary judgment, which was granted. Plaintiff appeals the judgment.

*Booe, Mitchell, Goodson and Shugart, by Jeanne S. Wine and David A. Logan, for plaintiff appellant.*

*White and Crumpler, by G. Edgar Parker, for defendant appellee.*

ARNOLD, Judge.

The issue on appeal is whether the district judge properly granted summary judgment, barring plaintiff's action for equitable distribution as a matter of law. We hold that the district judge erred in granting the summary judgment.

Summary judgment is proper when there is no genuine issue as to any material fact. G.S. 1A-1, Rule 56(c). It is a drastic remedy, not to be granted "unless it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law," *Dendy v. Watkins*, 288 N.C. 447, 452, 219 S.E. 2d 214, 217 (1975), *quoting* Gordon, 5 Wake Forest Intra. L. Rev. 87, 91. The burden is on the moving party to establish the lack of any triable issue of fact. The papers of the

moving party are carefully scrutinized, while "those of the oppos-
ing party are on the whole indulgently regarded." *Id.,* *citing* 6
Moore's Federal Practice (2d ed. 1975) § 56.15[8] at 2440. Sum-
mary judgment should be denied "[i]f different material conclu-
sions can be drawn from the evidence." *Credit Union v. Smith,* 45
N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

The defendant contends that the evidence raised no material
issue of fact, but only a question of law: whether the separation
agreement entered into by the parties in 1963 bars plaintiff's
present equitable distribution action. Defendant argues that all
the provisions of the 1963 separation agreement were "executed"
so that even if the parties resumed the marital relationship the
agreement would remain in force.

Plaintiff contends, however, that certain provisions of the
separation agreement were "executory," and that they became
void when the parties reconciled. Plaintiff contends that the par-
ties did not truly end the marital relationship until 1982, and that
their marital property should be subject to equitable distribution.

The pertinent paragraphs of the 1963 separation agreement
read as follows:

> THIRTEENTH: That for the consideration aforesaid, the
> party of the second part hereby relinquishes and quitclaims
> unto the said party of the first part, all her rights, dower, ti-
> tle and interest in and to the property of the said party of
> the first part, whether now owned or hereafter acquired by
> him, and covenants and agrees well and truly to perform and
> abide by this contract, except as the parties have agreed
> herein, regarding the real property now owned by said par-
> ties by the entirety.

> FIFTEENTH: It is mutually agreed that this instrument
> shall constitute a full, final and complete settlement of all ex-
> isting property rights between the parties and shall operate
> as a full, complete and final settlement of any rights that
> might arise in the future.

It is well-settled in North Carolina that a separation agree-
ment between husband and wife is terminated for every purpose
insofar as it remains executory on their resumption of the marital
relation. *In re Estate of Adamee,* 291 N.C. 386, 391, 230 S.E. 2d

541, 545 (1976); *Case v. Case*, No. 8418DC317, slip op. at 4 (N.C. App. February 19, 1985). The executory provisions of a separation agreement are those in which "a party binds himself to do or not to do a particular thing *in the future*." *Whitt v. Whitt*, 32 N.C. App. 125, 129-30, 230 S.E. 2d 793, 796 (1977). "Executed" provisions are those which have been carried out, and which require no future performance. 32 N.C. App. at 130, 230 S.E. 2d at 796.

In the present case the plaintiff agreed in the thirteenth paragraph of the 1963 separation agreement that she would relinquish all rights and interests in the defendant's property "whether now owned *or hereafter acquired by him*" (emphasis added). In the fifteenth paragraph she and defendant agreed that the separation agreement was a full and final settlement of all existing property rights between them, and "shall operate as a full, complete and final settlement of any rights *that might arise in the future*" (emphasis added).

Plaintiff's waiver was a promise that she would make no future claims to defendant's future property. This required future performance and therefore was executory. If the parties became reconciled and lived again as husband and wife between 1963 and 1982, then this promise was void as to property acquired after they resumed the marital relationship. A suit for equitable distribution of this property is therefore proper, if the suit otherwise meets the requirements of the equitable distribution statute. If the parties did divide and convey property prior to resuming the marital relationship, then the provisions of the separation agreement concerning that property were "executed," and an equitable distribution suit to divide that property is barred, unless the evidence shows an intent to cancel those provisions of the separation agreement.

The defendant argues that even if portions of the separation agreement were executory (and he maintains that none were), no evidence was presented that the parties continued in the marital relationship during the period 1963-1982. Yet, in plaintiff's complaint of 21 November 1983 and her affidavit of 21 November 1983 she alleges that she and defendant married on 18 May 1961 and did not separate until 25 March 1982, after more than twenty years of marriage. Defendant alleges in his amended answer and his affidavit of 21 May 1984 that the parties separated in 1963,

and submits the deed of separation of October 1963, which plaintiff signed.

We do not find that the separation agreement is conclusive on the issue of when the parties actually separated finally. Taking plaintiff's affidavit as true, we find there is a genuine issue of material fact on the question of when the parties separated, *i.e.*, of whether after they entered into the 1963 separation agreement they resumed the marital relationship. Given this fundamental conflict in the pleadings and the evidence, which renders it impossible to say with any certainty what was the status of the parties' marriage from 1963 through 1982, and the fact that certain key portions of the 1963 separation agreement were executory, we reverse the order of summary judgment and remand for rehearing on the issues of when the parties' period of separation actually occurred and whether, *if* they separated in 1963, they resumed the marital relationship.

We do not believe that in enacting G.S. 50-20(d) the General Assembly intended that a written separation agreement, once entered into, would be forever binding, forever a bar to an equitable distribution action. Rather, the parties to separation agreements must still be able to cancel their agreements, and the indicia of the intent to cancel as developed in our common law, we believe, must also still be intact. *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E. 2d 97 (1984), is distinguishable, because it deals with common law principles affecting the validity of separation agreements entered into while the parties are still living together.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.