IN THE MATTER OF: THE ESTATE OF JOSEPHINE HOOD ARCHIBALD
(EDWARDS)

No. COA06-1233

(Filed 15 May 2007)

**1. Estates— spousal allowance—motion to set aside—not timely**

The question of whether a spousal year's allowance was properly assigned was not preserved for review where appellant waited more than eight months before filing a motion to set aside the assignment (which was denied and appealed to form this case) rather than appealing to the superior court within ten days as required by N.C.G.S. § 30-23. Although appellant asserts that she did not appeal because she had no notice of the assignment, the presence of notice requirements for other estate actions but not for spousal allowances indicates a legislative intent to not impose such a requirement.

IN RE ESTATE OF ARCHIBALD (EDWARDS)

[183 N.C. App. 274 (2007)]

**2. Estates— spouse's elective share—prior separation agreement—reconciliation**

> A waiver of the spousal right to dissent from a will in a separation agreement was rescinded by the parties' reconciliation, and the husband was entitled to claim an elective share of the deceased wife's estate under N.C.G.S. § 30-3.1.

Appeal by movant-appellant from order entered 28 March 2006 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 29 March 2007.

> *Mast, Schulz, Mast, Mills, Johnson & Wells, P.A., by George B. Mast, Bradley N. Schulz, and Ronnie L. Trimyer, Jr. for movant-appellant.*

> *McCoy Weaver Wiggins Cleveland Rose Ray PLLC, by Steven J. O'Connor, for appellee Toney F. Edwards.*

LEVINSON, Judge.

Movant-appellant Shirley Bass appeals from the denial of her motion asking the clerk to deny appellee Toney Edwards' claim for a spouse's elective share of Josephine Hood Archibald Edwards' (decedent's) estate; and to set aside the assignment of a spouse's year's allowance to appellee Toney Edwards. We affirm.

The pertinent facts are briefly summarized as follows: Decedent and appellee were married on 6 October 2001. The following year they separated for approximately six months, from 6 April 2002 until 1 October 2002. During the separation, decedent and appellee prepared a separation agreement containing a provision wherein they waived the right to inheritance rights from each others' estates. The separation agreement was filed with the Register of Deeds office in Cumberland County, North Carolina on 30 September 2002. However, the next day the couple reconciled, and thereafter they lived together until decedent's death.

Decedent died testate on 18 March 2004, having executed a will about seven years before her marriage to appellee. Appellant is a devisee under the will, but appellee is not. On 24 November 2004 decedent's will was admitted to probate; on the same day, appellee applied for and was granted a year's spousal allowance, under N.C. Gen. Stat. § 30-15. On 24 May 2005 appellee elected a spousal share of his wife's estate, as permitted by N.C. Gen. Stat. § 30-3.1.

On 15 August 2005 appellant filed a motion asking the Clerk of Court to: (1) set aside the 24 November 2004 assignment of a year's spousal support; (2) deny appellee's claim for an elective share of decedent's estate; and (3) remove appellee as administrator of decedent's estate. The Assistant Clerk entered an order on 28 November 2005 removing appellee as administrator for failure to timely file an inventory of estate assets. On 5 December 2005 the Assistant Clerk entered an order denying appellant's motion to set aside the assignment of a year's allowance to appellee, on the grounds that the time for appeal had expired eight months earlier. The Assistant Clerk also denied appellant's motion to deny appellee an elective share, on the grounds that appellee and decedent's reconciliation had canceled and rescinded the provisions of the separation agreement waiving interest in each other's estates. Appellant appealed from the Clerk's order to the Superior Court, which entered an order affirming the Assistant Clerk's order on 28 March 2006. From this order appellant timely appeals.

### Standard of Review

[O]n appeal from an order of the Clerk,[:]

> "the trial judge reviews the Clerk's findings and may either affirm, reverse, or modify them. If there is evidence to support the findings of the Clerk, the judge must affirm. Moreover, even though the Clerk may have made an erroneous finding which is not supported by the evidence, the Clerk's order will not be disturbed if the legal conclusions upon which it is based are supported by other proper findings." . . . The standard of review in this Court is the same as that in the Superior Court.

*In re Estate of Monk*, 146 N.C. App. 695, 697, 554 S.E.2d 370, 371 (2001) (quoting *In re Estate of Pate*, 119 N.C. App. 400, 403, 459 S.E.2d 1, 2 (1995). "The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)).

### Year's Spousal Allowance

[1] Pursuant to N.C. Gen. Stat. § 30-15 (2005), a surviving spouse is "entitled, out of the personal property of the deceased spouse, to an allowance of the value of ten thousand dollars ($ 10,000) for his

**IN RE ESTATE OF ARCHIBALD (EDWARDS)**

[183 N.C. App. 274 (2007)]

support for one year after the death of the deceased spouse." Appellee applied for and was granted a year's spousal allowance on 24 November 2004. On 15 August 2005 appellant filed a motion to set aside the assignment of a year's allowance to appellee. Her motion was denied by the Assistant Clerk, whose order was upheld by the trial court. On appeal, appellant argues that appellee was improperly awarded a year's allowance. We conclude that appellant did not preserve this issue for our review.

Under N.C. Gen. Stat. § 30-23 (2005), "any creditor, legatee or heir of the deceased, may appeal from the finding of the magistrate or clerk of court to the superior court of the county, and, within 10 days after the assignment, cite the adverse party to appear before such court on a certain day[.]" (emphasis added). In the instant case, appellant did not file an appeal, and waited more than eight months before filing her "motion to set aside" the assignment of the year's allowance. We conclude that appellant failed to appeal within the required time.

Appellant asserts that she did not appeal because she had no notice of the assignment. She concedes that no notice is required under the statute, but argues that inasmuch as notice is required with regards to other aspects of estate administration, that notice should also be required in when the clerk grants a spouse's year's allowance. To the contrary, the presence of statutory notice requirements for other estate actions indicates that the legislature intentionally did not impose a notice requirement with respect to the statutory right to a year's allowance. This assignment of error is overruled.

### Spouse's Elective Share

[2] Under N.C. Gen. Stat. § 30-3.1 (2005), a surviving spouse "has a right to claim an 'elective share', which means an amount equal to (i) the applicable share of the Total Net Assets, as defined in G.S. 30-3.2(4), less (ii) the value of Property Passing to Surviving Spouse, as defined in G.S. 30-3.3(a)." Appellee applied for and was granted the right to take an elective share of decedent's estate. Appellant argues that the trial court erred in affirming the clerk's order, on the grounds that the terms of the separation agreement preclude appellee from exercising the right to dissent from decedent's will. We disagree.

The separation agreement included the following provision:

4. Release of Property and Estate Rights. Except as otherwise provided herein, each party hereby waives . . . all rights

[to] . . . property or estate of the other, arising by reason of their marital relationship . . . including, but not limited to, dower, curtesy [sic], statutory allowance, . . . any right of election, right to take against the last will . . . of the other or to dissent therefrom, [and] right to act as administrator or executor of the estate of [the other.] . . . In addition, . . . each party waives . . . any right to insurance proceeds payable by reason of the death or disability of the other[.] . . .

"It is well settled in our law that a separation .agreement between husband and wife is terminated for every purpose insofar as it remains executory upon their resumption of the marital relation." *In re Estate of Adamee*, 291 N.C. 386, 391, 230 S.E.2d 541, 545 (1976) (citations omitted). Thus, the clerk and trial court were presented with two issues: (1) did decedent and appellee reconcile and resume marital relations; and (2) if so, was the provision waiving inheritance rights executory at the time of reconciliation?

Under N.C. Gen. Stat. § 52-10.2 (2005), " 'Resumption of marital relations' shall be defined as voluntary renewal of the husband and wife relationship, as shown by the totality of the circumstances. . . . " In the instant case, appellee executed a sworn affidavit wherein he stated, in relevant part, the following:

7. At no time were we ever divorced from each other. We resumed living together as husband and wife by October 1, 2002. . . .

8. Subsequent to resuming living together as husband and wife by October 1, 2002, Josephine and I held ourselves out to our families and to the public as being husband and wife . . . [and] live[d] together happily as husband and wife.

9. Between October 1, 2002 and my wife's death on March 18, 2004, my wife, [decedent] and I: a) purchased furniture together[.] . . . b) maintained a joint checking account[.] c) filed income tax returns together[.] . . .

10. Between October 1, 2002 and my wife's death on March 18, 2004, my wife:

   a) maintained and used a military i.d. card issued to her based on my veteran status[.] . . .

   b) listed me as her spouse on all visit to doctors' appointments; c) had me named as the responsible party for pay-

ment for her medical care[.] . . . d) listed me as her next of kin upon all hospital admissions.

11. On July 20, 2003, [decedent] executed and delivered a 'Designation of Beneficiary' form for her Federal Employees Group Life Insurance Program naming me as her husband and naming me as the primary beneficiary of the life insurance policy. . . . .

12. In October, 2003, I and my wife Josephine Hood Edwards purchased a residence [in] . . . Fayetteville, N.C. . . . Josephine and I, as "husband and wife", were named as grantees in the deed, and we both signed the deed of trust securing the mortgage on this property. . . .

We conclude that this uncontradicted affidavit easily supports the clerk's finding and conclusion that, after executing the separation agreement, decedent and appellee reconciled and resumed marital relations.

We conclude further that the waiver provision was executory when appellee and decedent reconciled the day after filing the separation agreement. "An 'executory contract' is one in which a party binds himself to do or not to do a particular thing in the future." *Whitt v. Whitt*, 32 N.C. App. 125, 129-30, 230 S.E.2d 793, 796 (1977). In *In re Estate of Tucci*, 94 N.C. App. 428, 380 S.E.2d 782 (1989), the clerk concluded:

[T]he right of the surviving spouse to dissent from the will of testatrix arose as of the date of her death, and a waiver of that right necessarily required the surviving spouse not to do .a particular thing in the future and was, therefore, an executory provision.

*Id.* at 431, 380 S.E.2d at 784. In *Tucci*, this Court ultimately determined that, because the separation agreement at issue expressly stated that it was to remain in effect if the parties reconciled, that "it is immaterial whether Mr. Tucci's release was executory at the time the Tuccis reconciled." *Id.* at 437, 380 S.E.2d at 787.

The executory nature of a waiver of inheritance rights was addressed by the North Carolina Supreme Court in *In re Estate of Adamee*, 291 N.C. 386, 230 S.E.2d 541. As noted above, *Adamee* referenced the established rule that reconciliation would rescind executory provisions in a separation agreement. In *Adamee*, as in the

instant case, the decedent and appellee executed a separation agreement wherein they waived the right to share in each other's estate. Thereafter, also as in the instant case, decedent and appellee reconciled and lived together until decedent's death. The clerk issued an order stating that the reconciliation had nullified the separation agreement, and allowing appellee to administer and inherit from decedent's estate. *Id.* The *Adamee* appellants appealed to Superior Court and filed a motion for summary judgment. The trial court refused to uphold the clerk's order, on the grounds that there were issues of material fact on the issue of whether decedent and appellee had reconciled. This Court upheld the trial court's order. The North Carolina Supreme Court reversed:

> [A]fter the execution of the separation agreement . . . Mrs. Adamee returned to the marital home [and] . . . until [Mr.] Adamee's death . . . he and Mrs. Adamee lived together continuously in their marital residence. Therefore, no issue arose . . . as to their resumption of marital relations. As a matter of law they had done so. It follows that [the trial court] erred in refusing to affirm the clerk's order that Mrs. Adamee is entitled to qualify as administratrix of the estate of Adamee and share in his estate as his widow without prejudice by reason of the separation agreement and consent judgment[.]

*Id.* at 393, 230 S.E.2d at 546.

Later cases have not overruled *Adamee's* holding, that reconciliation of a married couple serves to rescind and nullify a separation agreement's waiver of estate rights. Nor has appellant directed our attention to any precedent holding that such waivers are <u>not</u> executory. Moreover, the separation agreement at issue herein includes a provision that tracks the common law rule regarding the effect of reconciliation on executory provisions in the agreement:

> 14. Reconciliation. In the event the Husband and Wife end their separation by reconciliation and resumption of marital cohabitation, the executory provisions of this agreement shall be thereby cancelled and rescinded, but all provisions hereof which have been executed or partially executed at that time, shall, to the extent of complete or partial performance, continue in full force and effect unless and until they are cancelled or rescinded in a written agreement duly executed by both Husband and Wife. . . . .

We conclude that the waiver of inheritance rights was rescinded and canceled by the reconciliation of decedent and appellee, and that the trial court's order must be

Affirmed.

Judges BRYANT and STEELMAN concurs.