PATRICIA H. FLETCHER, Plaintiff v. RICHARD N. FLETCHER, Defendant

No. COA95-626

(Filed 17 September 1996)

**1. Divorce and Separation § 36 (NCI4th)— separation agreement—rescission of agreement—reconciliation and subsequent separation—evidence not sufficient**

The trial court erred by ordering rescission of the parties' separation agreement where plaintiff left the marital home and moved into a mobile home which she maintained as a separate residence; the parties entered into a separation agreement; plaintiff returned to the marital home, taking with her one work outfit and toiletry items such as make-up and a toothbrush; the parties spent approximately four hours each evening together from 6 December until 11 December, eating dinner and spending time with their sons; plaintiff returned to her trailer on one occasion for more work clothes; plaintiff and defendant engaged in sexual intercourse three to four times; defendant asked plaintiff to leave on the last day, stating that he wanted to be with his girlfriend; and plaintiff resumed full-time residence in her mobile home on that date. The separation agreement was executed subsequent to the enactment of N.C.G.S. § 52-10.2 and the "totality of the circumstances" test applies; evidence that the parties engaged in sexual intercourse three or four times is in no way determinative. The events of 5 December to 11 December 1993 do not constitute "substantial objective indicia" sufficient to justify the trial court's conclusion as a matter of law that plaintiff and defendant reconciled; additionally, the evidence was insufficient to support the ruling that the executed provisions of the agreement are null and void based on the parties' words and conduct substantially defeating the purpose of the separation agreement.

**Am Jur 2d, Divorce and Separation §§ 852-855.**

**2. Divorce and Separation § 42 (NCI4th)— separation agreement—recision—breach of agreement—evidence insufficient**

The trial court erred by ordering rescission of a separation agreement on the basis of defendant's "material breaches" where defendant's breaches were not material, *i.e.*, they neither substantially defeated the purpose of the agreement nor went to the

very heart of the agreement. The right to rescind does not exist where the breach is not substantial and material and does not go to the heart of an agreement, and the trial court's decree that breaches of the agreement were material is a conclusion of law and reviewable as any question of law.

**Am Jur 2d, Divorce and Separation § 861.**

Judge WALKER concurring

Appeal by defendant from order entered 9 March 1995 by Judge Stephen Franks in Transylvania County District Court. Heard in the Court of Appeals 27 February 1996.

*Averette & Barton, by Donald H. Barton, for plaintiff-appellee.*

*C. Dawn Skerrett for defendant-appellant.*

JOHN, Judge.

Defendant contends the trial court erred, *inter alia,* by ordering rescission of the parties' separation agreement. We agree.

Undisputed pertinent facts and procedural information are as follows: Plaintiff and defendant were married 10 August 1974. Plaintiff left the marital home 10 August 1993 and soon thereafter moved into a mobile home which she maintained as her separate residence. On 13 October 1993, the parties entered into a "Separation Agreement" (the agreement), wherein each expressed the intention to live separate and apart from the other on a permanent basis. The agreement settled child custody as well as property division issues, the parties respectively agreeing not to "seek a different distribution of any property in any action."

On the evening of 5 December 1993, plaintiff returned to the marital home, taking with her one "work outfit" and toiletry items such as make-up and a toothbrush. For the following five days, from 6 December 1993 until 11 December 1993, the parties spent approximately four hours together each evening eating dinner and spending time with their sons. Plaintiff returned to her trailer on one occasion for more work clothes. During the six day period, plaintiff and defendant engaged in sexual intercourse three to four times. On 11 December 1993, defendant asked plaintiff to leave, stating he wished to be with his girlfriend. Plaintiff resumed full-time residence in her mobile home on that date.

Plaintiff filed the instant action on or about 31 August 1994, alleging defendant had breached the agreement and that the events in December constituted a reconciliation. She requested that the court rescind the agreement and effect an equitable distribution of the marital property. Defendant filed answer denying plaintiff's allegations and seeking specific performance of the agreement and counsel fees.

Following a hearing, the trial court denied defendant's motion for directed verdict and granted plaintiff's prayer for relief, determining in pertinent part as follows:

10. That the Defendant, Richard Fletcher, breached said agreement in the following respects.

a. [I]n that on or about August 3, 1994, the son, Brian Matthew Fletcher, had [dental] surgery and Plaintiff was not contacted by [defendant] in regards to his having surgery . . . .

b. [I]n that he failed to cancel the joint credit card accounts with VISA, J.C. Penney's and Sprint . . . .

c. [B]y failing to pay [plaintiff] the full amount of . . . her interest in the pension benefits of [defendant]. . . .

. . . .

12. That the parties did reconcile as a matter of law in that they resumed living together in the home which they occupied before the separation and thus held themselves out as [husband] and wife and resumed marital cohabitation in that home and thus rescinded the separation agreement entered into by and between the parties.

The judge thereafter ordered the following:

2. That said separation agreement and the executory provisions thereof, including the waiver by the Plaintiff . . . of her right to an equitable distribution are declared null and void.

3. That . . . based on the reconciliation of the parties, their words and conduct substantially defeating the purpose of the separation agreement, the executed provisions of the agreement are declared null and void.

4. That further, the Court decrees that the breaches of the separation agreement by the Defendant . . . were material breaches.

**FLETCHER v. FLETCHER**

[123 N.C. App. 744 (1996)]

That the parties, in fact, reconciled . . . and that the period of separation on which to base an absolute divorce on one year's separation . . . shall commence upon the re-separation of the parties on or about December 11 or 12, 1993.

5. That . . . the Court . . . shall proceed to determine what is the marital property of the parties and provide for an equitable distribution of the marital property . . . .

Defendant appeals, arguing the trial court erred by rescinding the agreement based upon the court's determination that: (1) the parties reconciled subsequent to execution of the agreement; and (2) defendant materially breached the agreement. We conclude rescission was error under the circumstances *sub judice.*

I.

[1] N.C. Gen. Stat. § 52-10.2 (1991), enacted 1 October 1987, sets out the test by which conduct between separated spouses is measured in order to determine if reconciliation has been effected:

"Resumption of marital relations" shall be defined as voluntary renewal of the husband and wife relationship, as shown by the totality of the circumstances. Isolated incidents of sexual intercourse between the parties shall not constitute resumption of marital relations.

Resumption of marital relations voids the executory portions of a separation agreement, *In re Estate of Adamee*, 291 N.C. 386, 391, 230 S.E.2d 541, 545 (1976), and

if [such] conduct of the [parties] substantially defeat[s] the purpose of the . . . agreement . . . . even the executed provisions of that agreement are void.

*Stegall v. Stegall*, 100 N.C. App. 398, 411-12, 397 S.E.2d 306, 314 (1990), *disc. review denied*, 328 N.C. 274, 400 S.E.2d 461 (1991).

The much criticized holding in *Murphy v. Murphy*, 295 N.C. 390, 245 S.E.2d 693 (1978), that casual or isolated instances of sexual intercourse between separated spouses constitute reconciliation, *see* Sally Burnett Sharp, *Divorce and the Third Party: Spousal Support, Private Agreements, and the State*, 59 N.C. L. Rev. 819, 841-42 (1981) (result of *Murphy* "is that parties (or at least one party) will be penalized for trying to reconcile if he or she is unsuccessful in that

attempt"), and Patricia L. Holland, Note, *Isolated Acts of Sexual Intercourse Void Separation Agreements—Murphy v. Murphy*, 16 Wake Forest L. Rev. 137, 148 (1980) (while isolated acts test serves "goal of judicial efficiency, it undermines the goal of judicial integrity"), was overruled by enactment of G.S. § 52-10.2. The "totality of the circumstances" standard of G.S. § 52-10.2 also determines when reconciliation has occurred so as to toll the one-year period of separation required for divorce. *See* N.C. Gen. Stat. § 50-6 (1995).

The method by which a trial court may evaluate whether separated spouses have reconciled is dictated by

> two lines of cases regarding the resumption of marital relations: those which present the question of whether the parties hold themselves out as [husband] and wife as a matter of law, and those involving conflicting evidence such that mutual intent becomes an essential element. *See Hand v. Hand*, 46 N.C. App. 82, 264 S.E.2d 597, *disc. review denied*, 300 N.C. 556, 270 S.E.2d 107 (1980). . . . The first method, represented by *In re Estate of Adamee*, 291 N.C. 386, 230 S.E.2d 541 (1976), requires the presence of substantial objective indicia of cohabitation as [husband] and wife. When such evidence exists, the trial court may find that the parties have reconciled as a matter of law. The second method, on the other hand, exemplified by the *Hand* decision, involves conflicting evidence; the subjective mutual intent of the parties, therefore, becomes an essential element.

*Schultz v. Schultz*, 107 N.C. App. 366, 369, 420 S.E.2d 186, 188 (1992), *disc. review denied*, 333 N.C. 347, 426 S.E.2d 710 (1993).

In the case *sub judice*, the facts surrounding the determinative events of the six-day period in December 1993 are essentially undisputed, save a minor conflict regarding which of the parties first transported plaintiff to the former marital home. The trial court therefore correctly applied the approach of the first line of cases in considering whether the parties had reconciled "as a matter of law." Consequently, our standard of review is whether, as a matter of law, "substantial objective indicia," *Schultz*, 107 N.C. App. at 369, 420 S.E.2d at 118, exist from the "totality of the circumstances" to support the conclusion that the parties "voluntarily renew[ed] . . . the husband and wife relationship." G.S. § 52-10.2.

In *Schultz*, this Court held the undisputed evidence presented to the trial court was sufficiently substantial to determine as a mat-

ter of law that the parties had resumed marital relations under G.S. § 52-10.2. *Schultz*, 107 N.C. App. at 373, 420 S.E.2d at 190. The record revealed that husband had moved back into the marital residence, bringing his belongings, his pets, and his automobile, and that he lived in the marital home continuously over a four month period during which he paid utility and other joint bills, and mowed the lawn. Further, wife did husband's laundry, and the couple went shopping together as well as worked in the yard and dined at restaurants. Moreover, the parties filed a joint tax return and "engaged in sexual relations about once a week for at least two or three months after [husband's] return." *Id.*

In concluding as a matter of law that the parties in *Schultz* had resumed the husband and wife relationship, this Court found analogous the undisputed facts in *Adamee*, which our Supreme Court deemed sufficient as a matter of law to establish that the parties had "held themselves out as husband and wife living together." *Adamee*, 291 N.C. at 392-93, 230 S.E.2d at 546. In *Adamee*, wife returned to the marital home approximately one month following execution by the parties of a separation agreement and consent judgment, and remained at the home with husband until his death some eight months later. *Id.* at 393, 230 S.E.2d at 546. Further evidence showed the couple had

occupied one bedroom and one bed; that [husband] paid to [wife's] attorney the balance she owed him for representing her in the suit against [husband]; that the respective attorneys for [husband] and [wife], who had been appointed commissioners in the consent judgment to sell the parties' jointly owned property at public auction and divide the proceeds equally between them were instructed that the parties no longer desired a sale, and no sale was made; that [husband] told friends he and his wife had worked out their problems and were planning an early retirement in order to open an antique shop in Alabama; that the month before his death [husband] had instructed a friend in Alabama to proceed with attempts to purchase a certain piece of property for himself and wife jointly; that they had had problems but they had been settled.

*Id.* at 390, 230 S.E.2d at 544-45.

Although the foregoing provides guidance for review of the evidence in the case *sub judice*, to the extent *Adamee* contradicts

present law regarding reconciliation as expressed in G.S. § 52-10.2, the latter controls. For example, the statute sets out a "totality of circumstances" standard. Our courts have not yet determined the explicit meaning of "totality of the circumstances" for purposes of G.S. §§ 52-10.2 and 50-6. However, the "totality of the circumstances" test in the context of constitutional challenges to searches and seizures has been defined as a standard which "focuses on all the circumstances of a particular case, rather than any one factor." Black's Law Dictionary 1490 (6th ed. 1990). This definition is likewise applicable for purposes of G.S. §§ 52-10.2 and 50-6. Consequently, we hold that isolated factors no longer control in determining when parties have "renew[ed] . . . the husband and wife relationship" per G.S. § 52-10.2. *See, e.g., Murphy*, 295 N.C. at 397, 245 S.E.2d at 698 (sexual intercourse), and *Adamee*, 291 N.C. at 392-93, 230 S.E.2d at 546 (resumption of living together in marital home). To resolve the issue, courts must evaluate "all the circumstances of a particular case," Black's Law Dictionary, *supra.*

The agreement herein was executed subsequent to the enactment of G.S. § 52-10.2, and therefore the "totality of the circumstances" test set out in the statute applies to the events of 5 December-11 December 1993. Employing the statutory standard, we hold those events do not constitute "substantial objective indicia," *Schultz*, 107 N.C. App. at 369, 420 S.E.2d at 188, sufficient to justify the trial court's conclusion "as a matter of law" that plaintiff and defendant reconciled. In addition, the evidence is insufficient to support the court's ruling that

> based on the reconciliation of the parties, their words and conduct substantially defeating the purpose of the separation agreement, the executed provisions of the agreement are declared null and void.

Significantly, factors cited in *Adamee* and *Schultz* as indicative of reconciliation are noticeably absent in the case *sub judice.* For example, plaintiff never "moved" back into or resumed cohabitation in the marital home, but instead maintained her separate residence at which she kept her possessions and from which she removed only clothing for work. In addition, the time period involved herein was less than a week, compared with the four and eight month time frames involved in *Schultz* and *Adamee* respectively. Further, no evidence in the record reveals the parties resumed the sharing of chores or household responsibilities, that they accompanied each other to

## FLETCHER v. FLETCHER

[123 N.C. App. 744 (1996)]

public places so as to "[hold] themselves out as husband and wife," *Adamee*, 291 N.C. at 392, 230 N.C. at 546, or that they indicated to family and/or friends that their problems had been resolved or that they desired to terminate the separation. To the contrary, plaintiff and defendant continued to abide by the terms of the agreement, distributing property in accordance therewith and relying upon the provisions regarding their children. Moreover, defendant's statement that he wished plaintiff to leave because "he wanted to be with his girlfriend" comprises a compelling indication that no reconciliation with plaintiff occurred.

Finally, evidence that the parties engaged in sexual intercourse three or four times during this six day period is in no way determinative. Pursuant to G.S. § 52-10.2, "[i]solated incidents of sexual intercourse . . . shall not constitute resumption of marital relations."

To hold otherwise—that four hours on each of six evenings spent together in the former marital home eating dinner and visiting with the parties' children in combination with three or four "isolated acts" of sexual intercourse constitute reconciliation as a matter of law— would effectively "resurrect *Murphy* from a well-deserved demise," *Higgins v. Higgins*, 321 N.C. 426, 493, 364 S.E.2d 426, 433, *reh'g denied*, 322 N.C. 116, 367 S.E.2d 911 (1988) (Whichard, J., dissenting), and directly contradict the "totality of the circumstances" test mandated by G.S. § 52-10.2.

## II.

[2] We similarly reject plaintiff's reliance upon the trial court's determination that defendant "material[ly] breach[ed]" the agreement. Indeed, plaintiff in her appellate brief implicitly admits the weakness of this position by asserting that

it is important to note that the Trial Court did not rescind the Separation Agreement by and between the parties, solely or even substantially, because of the [defendant's] breaches of the Separation Agreement . . . .

"Rescission, an equitable remedy, is allowed to promote justice. The right to rescind does not exist where the breach is not substantial and material and does not go to the heart of an agreement." *Wilson v. Wilson*, 261 N.C. 40, 43, 134 S.E.2d 240, 243 (1964). "[R]escission of a separation agreement requires proof of a material breach—a substantial failure to perform." *Cator v. Cator*, 70 N.C. App. 719, 722, 321 S.E.2d 36, 38 (1984) (intermittent payment of

alimony for six month period a "mere lapse of performance" and not a "substantial failure to perform").

In its order, the trial court found as a fact that defendant "breached" the agreement by: 1) failing to contact plaintiff in reference to dental surgery performed on the parties' younger son, 2) failing to cancel joint credit card accounts with VISA, J.C. Penny's, and Sprint, and 3) failing to pay plaintiff the full amount of her interest in defendant's pension benefits.

While plaintiff properly cites *Camp v. Camp*, 75 N.C. App. 498, 503, 331 S.E.2d 163, 167, *disc. review denied*, 314 N.C. 663, 335 S.E.2d 493 (1985), for the proposition that "[w]here the court sits as judge and juror, its findings of fact . . . are conclusive on appeal if there is evidence to support them," her assertion that the trial court's determination of materiality is likewise "conclusive on appeal" misses the mark. Assuming *arguendo* that evidence in the record supports the court's findings of defendant's lack of compliance with certain provisions of the agreement, the court's decree that such "breaches . . . were material breaches" is a conclusion of law; it is therefore not binding on the appellate court, but reviewable as any question of law. *See R. L. Coleman & Co. v. City of Asheville*, 98 N.C. App. 648, 651, 392 S.E.2d 107, 109, *disc. review denied*, 327 N.C. 432, 395 S.E.2d 689 (1990).

Upon thorough review, we hold defendant's "breaches" of certain provisions of the agreement were not material, *i.e.*, they neither "substantially defeated the purpose" of the agreement, *Stegall*, 100 N.C. App. at 412, 397 S.E.2d at 314, nor went "to the very heart" of the agreement, *Wilson*, 261 N.C. at 43, 134 S.E.2d at 242, and could not as a matter of law be characterized as "a substantial failure to perform." *Cator*, 70 N.C. App. at 722, 321 S.E.2d at 38. *See also Lee v. Lee*, 93 N.C. App. 584, 588, 378 S.E.2d 554, 556 (1989) (nondisclosure of $102,000 loan owed to plaintiff's company was material breach justifying rescission of separation agreement where "essence of the separation agreement was that the parties must fully disclose all of their assets worth $100 or more"), and *Stegall*, 100 N.C. App. at 411, 397 S.E.2d at 314 (changing title of property in contravention of provision of separation agreement would "effectively nullify that provision"). The trial court therefore erred in ordering rescission of the agreement on the basis of defendant's "material breaches" thereof.

For the reasons discussed herein, we reverse the trial court's order directing rescission of the agreement and providing that

plaintiff might pursue equitable distribution of the parties' marital property.

Reversed.

Judge EAGLES concurs.

Judge WALKER concurs in separate opinion.

Judge WALKER concurring.

I agree that the parties did not reconcile subsequent to the execution of the separation agreement and that defendant had not materially breached the agreement so as to entitle the plaintiff to recission. Therefore, the parties remain bound by the separation agreement. This Court has stated: "A separation agreement that has not been incorporated into a divorce judgment may be equitably enforced by an order of specific performance." *Harris v. Harris*, 50 N.C. App. 305, 312, 274 S.E.2d 489, 493, *disc. review denied and appeal dismissed*, 302 N.C. 397, 279 S.E.2d 351 (1981); *Edwards v. Edwards*, 102 N.C. App. 706, 708, 403 S.E.2d 530, 531, *disc. review denied*, 329 N.C. 787, 408 S.E.2d 518 (1991). Accordingly, if defendant continues to fail to satisfy his obligations pursuant to the agreement, plaintiff may pursue the remedy of specific performance.