KELLY CRISP LONG, Plaintiff v. CHARLES N. LONG, Defendant

No. COA02-1230

(Filed 21 October 2003)

**1. Divorce— separation agreement—alimony—cohabitation**

The trial court erred by concluding as a matter of law that plaintiff wife had cohabitated as defined under N.C.G.S. § 50-16.9, thus allowing defendant husband to stop paying plaintiff alimony in accordance with the parties' separation agreement, because the trial court's order lacked adequate findings of fact to support a conclusion of cohabitation when the findings were mere recitations of testimony and evidence.

**2. Divorce— separation agreement—no interference provision**

The trial court erred by concluding that defendant husband had not breached the parties' unincorporated separation agreement with regard to the "no interference" provision based on plaintiff wife's conduct even though it found defendant's conduct would be a violation of the clause, because: (1) breach by one party does not automatically excuse the other party's performance under the separation agreement; (2) the parties' "no interference" provision is independent from any other provision of their separation agreement, and there is nothing to indicate that a failure by plaintiff to abide by any provision authorizes defendant to breach the "no interference" provision;

and (3) there was no conduct by plaintiff that would excuse defendant's admitted conduct.

### 3. Divorce— separation agreement—time and method of payment provisions

The trial court did not err by failing to find that defendant husband breached the time and method of payment provisions of the separation agreement even though defendant failed to pay plaintiff wife by direct deposit or by the first of the month in either May or June 2000, because: (1) to be actionable, the breach must substantially defeat the purpose of the contract or be characterized as a substantial failure to perform, and plaintiff received the support payments; and (2) while the deviation in method of payment might have been inconvenient, the deviation did not substantially defeat the purpose of the agreement, nor was it a substantial failure to perform.

### 4. Costs— attorney fees—enforcement of separation agreement

Although the trial court did not err by failing to award plaintiff wife attorney fees based on plaintiff's claims being denied by the trial court, this issue may be reconsidered by the trial court in light of the Court of Appeals' conclusion that defendant breached the "no interference" clause of the parties' separation agreement.

Appeal by plaintiff from judgment entered 28 September 2001 by Judge Paul G. Gessner in Wake County District Court. Heard in the Court of Appeals 8 September 2003.

*The Sandlin Law Firm, by Deborah Sandlin and John Patrick McNeil, for plaintiff-appellant.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by Jonathan McGirt, for defendant-appellee.*

EAGLES, Chief Judge.

This is an appeal from an order, issued after a bench trial, concluding that the defendant had not breached the parties' separation agreement. Plaintiff argues on appeal: (1) that the trial court erred as a matter of law in concluding that plaintiff was cohabiting, (2) that the findings of fact were not supported by competent evidence, (3) that the court erred in concluding that defendant had not breached

the "no interference" provision, (4) that the court erred in concluding that defendant had not breached the time and method of payment provisions and (5) that the court erred in denying the plaintiff's request for attorneys' fees.

Plaintiff and defendant were married on 22 March 1992 and separated on 8 July 1998. The parties are the parents of two minor children. Plaintiff and defendant were granted a divorce on 3 March 2000. An "Interim Separation Agreement" was entered into by the parties on 11 April 2000. This agreement included detailed provisions related to alimony, child support and a "no interference" provision. Under the agreement, defendant was obligated to pay alimony and child support for their two children to the plaintiff by direct deposit from his bank account to hers on the first day of each month, commencing 1 May 2000. The agreement permitted termination of alimony payments upon the occurrence of the first of a list of events. One of these triggering events was "cohabitation by Wife (plaintiff), as that term is defined in N.C.G.S. § 50-16.9." The agreement also provided that neither party was to molest or interfere with the other party in any manner.

Defendant paid the alimony and child support in May and June 2000, but not in the manner prescribed in the agreement. Instead of using the direct deposit method, the defendant paid plaintiff by personal check and payment was late. Plaintiff received the May payments around 4 May 2000 and the June payments around 12 June 2000. During this time, plaintiff and defendant communicated with each other extensively via telephone and email and less frequently in person. The parties' communication was very strained and rude. Also during this time, plaintiff began dating Mr. Parker Bowers. At the end of June, defendant's attorney notified plaintiff by letter that defendant would no longer make the alimony payments because of the plaintiff's cohabitation with Mr. Bowers. On 7 August 2000, plaintiff filed a complaint alleging breach of contract and seeking damages, specific performance, attorneys' fees, a temporary restraining order and a preliminary injunction. In his answer, defendant denied any breach and further pled plaintiff's cohabitation as a bar to alimony after June 2000, as allowed by the separation agreement. The trial court denied plaintiff's claims in an order entered 20 September 2001. Plaintiff appeals.

[1] Plaintiff contends that the trial court erred as a matter of law in concluding that plaintiff had cohabited as defined in N.C. Gen. Stat. § 50-16.9. The parties' separation agreement allowed defendant to

stop paying plaintiff alimony upon the occurrence of any one of several events, including "cohabitation by Wife, as that term is defined in N.C.G.S. § 50-16.9." N.C. Gen. Stat. § 50-16.9(b) says:

> As used in this subsection, cohabitation means the act of two adults dwelling together continuously and habitually in a private heterosexual relationship, even if this relationship is not solemnized by marriage, or a private homosexual relationship. Cohabitation is evidenced by the voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations. Nothing in this section shall be construed to make lawful conduct which is made unlawful by other statutes.

N.C. Gen. Stat. § 50-16.9(b) (2001). Plaintiff argues that the trial court did not properly apply this statute, because it relied on findings that merely evidenced a dating relationship between plaintiff and Parker Bowers. We disagree.

Plaintiff's argument focuses on statutory language from the first sentence, "dwelling together continuously and habitually." Plaintiff discounts that the statute's second sentence provides that cohabitation is evidenced by certain acts. N.C. Gen. Stat. § 50-16.9(b). "The rules of statutory construction require presumptions that the legislature inserted every part of a provision for a purpose and that no part is redundant." *Hall v. Simmons*, 329 N.C. 779, 784, 407 S.E.2d 816, 818 (1991). N.C. Gen. Stat. § 50-16.9(b) clearly says that cohabitation is evidenced by "the voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations." N.C. Gen. Stat. § 50-16.9(b). In order for the trial court to conclude that cohabitation has occurred, it should make findings that the type of acts included in the statute were present.

While we conclude that the trial court applied the correct standard, its conclusions based on that standard must still be supported by adequate findings of fact. Here, the trial court's order lacks adequate findings of fact to support a conclusion of cohabitation because the findings were mere recitations of testimony and evidence. N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) requires that "[i]n all actions tried upon the facts without a jury . . ., the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1)

(2001). This Court has found that findings that merely recapitulate the testimony or recite what witnesses have said do not meet the standard set by the rule. *Chloride, Inc. v. Honeycutt*, 71 N.C. App. 805, 323 S.E.2d 368 (1984). Here, the trial court made several findings similar to the following:

> 11. Several witnesses for Defendant, including a private detective hired by Defendant, and Bowers' former girlfriend who lives in the same neighborhood, testified that they had seen vehicles known to be operated by Bowers, including a truck with the name of Bowers' employer emblazoned on it, in Plaintiff's driveway or in Plaintiff's garage overnight on numerous occasions.

> 12. The private detective's report indicated that a vehicle known to be driven by Bowers was at Plaintiff's house overnight on May 17, 2000; May 18, 2000; May 24, 2000; May 25, 2000; May 26, 2000; May 30, 2000; May 31, 2000; June 2, 2000; June 3, 2000; June 6, 2000; June 9, 2000; June 13, 2000; and June 22, 2000.

These findings are inadequate as they are "mere recitations of the evidence and do not reflect the processes of logical reasoning." *Williamson v. Williamson*, 140 N.C. App. 362, 364, 536 S.E.2d 337, 339 (2000). As the findings of fact regarding cohabitation are inadequate, the conclusions of law that the plaintiff cohabited and that the defendant was relieved from paying alimony cannot stand. Accordingly, we reverse and remand to the trial court for further findings of fact consistent with this opinion.

[2] Plaintiff also argues that the trial court erred in concluding that defendant had not breached the separation agreement with regard to the "no interference" provision of the agreement. Separation agreements that have not been incorporated into a divorce judgment are governed by general contract principles and are enforceable and modifiable only under such principles. *Jones v. Jones*, 144 N.C. App. 595, 548 S.E.2d 565 (2001). The elements of breach of contract are (1) the existence of a valid contract and (2) breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). In order for a breach of contract to be actionable it must be a material breach, one that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform. *Fletcher v. Fletcher*, 123 N.C. App. 744, 752, 474 S.E.2d 802, 807-08 (1996), *disc. rev. denied*, 345 N.C. 640, 483 S.E.2d 706 (1997). The trial court's decision as to whether a breach is material is a conclusion of law and is therefore

not binding on appeal, but is reviewable as any other conclusion of law. *Id.* at 752, 474 S.E.2d at 807.

The "no interference" provision of the separation agreement provided:

> 1. The parties may and shall continue to live apart for the rest of their lives. Each shall be free from interference, direct or indirect, by the other as fully as though unmarried. Each may for his or her own separate benefit engage in any employment, business or profession he or she may choose.

> 2. Neither party will molest or interfere with the other party in any manner, at any time, nor will either party compel or attempt to compel the other party to cohabit or dwell with him or her. Neither party will go on or about the premises of the other without his or her consent.

The trial court found:

> 25. Defendant admitted in his answer as well as in his trial testimony to making the following statements about or to Plaintiff: "Your day is on the way,"; "Are you scared yet?"; "It's finally time for you to pay for what you've done," and, "You are getting ready to see difficult. You are clueless. Get your head out of his (Bowers') rear-end and look around." However, Defendant denied in his answer as well as in his trial testimony that said remarks were in any way verbally abusive or made as a threat to Plaintiff and this Court finds that the evidence at trial tended to show that there was obnoxious conduct between both parties, and that even though Defendant, by his own admissions and testimony, did not always conduct himself in a manner that was best for the parties' children, neither did Plaintiff.

The trial court apparently did find that the conduct on the part of the defendant would be a violation of the "no interference clause" but did not find breach due to plaintiff's conduct.

However, breach by one party does not automatically excuse the other party's performance under the separation agreement. In *Smith v. Smith*, it was held,

> (1) that it is not every violation of the terms of a separation agreement by one spouse that will exonerate the other from performance; (2) that in order that a breach by one spouse of his or her covenants may relieve the other from liability from the latter's

covenants, the respective covenants must be interdependent rather than independent; and (3) that the breach must be of a substantial nature, must not be caused by the fault of the complaining party, and must have been committed in bad faith.

*Smith v. Smith*, 225 N.C. 189, 197-98, 34 S.E.2d 148, 153 (1945). In *Smith*, the Court found that the husband's duty to pay alimony was independent of the wife's duty to not interfere with her former husband. *Id.* at 198, 34 S.E.2d at 154. Here, the "no interference" provision of the separation agreement is independent from any other provision of the agreement. There is nothing to indicate that a failure by the plaintiff to abide by any provision authorizes the defendant to breach the "no interference" provision. We see no conduct by the plaintiff which would excuse the defendant's admitted conduct. We conclude that the defendant's conduct did rise to the level of "interference, molestation and harassment." Accordingly, we reverse the trial court's conclusion that defendant had not substantially interfered with or harassed plaintiff.

[3] Plaintiff also argues that the trial court erred in failing to find that defendant breached the time and method of payment provisions of the separation agreement. Breach of contract is a conclusion of law reviewable by this Court. *Fletcher*, 123 N.C. App. at 752, 474 S.E.2d at 807. There was a breach of the agreement's terms here. It is undisputed that defendant failed to pay the plaintiff by direct deposit or by the first of the month in either May or June. However, to be actionable, the breach must substantially defeat the purpose of the contract or be characterized as a substantial failure to perform. *Id.* at 752, 474 S.E.2d at 807-08. Here, the plaintiff did receive the required support payments. While the deviation in method of payment might have been inconvenient, the deviation did not substantially defeat the purpose of the agreement nor was it a substantial failure to perform. Accordingly, this assignment of error fails.

[4] Plaintiff further argues that the trial court erred in failing to award her attorneys' fees. The separation agreement allowed:

> In the event either party shall institute an action to enforce the provisions of this agreement, the party prevailing in said action, whether by adjudication or settlement, shall be entitled to recover their suit costs, including attorney's fees at a reasonable hourly rate, from the other party.

The separation agreement only allows the award of attorneys' fees to the prevailing party in an action. The trial court did not have the

authority to modify this contract. Since plaintiff's claims were denied by the trial court, the trial court could not award attorneys' fees to the plaintiff. However, this issue may be reconsidered by the trial court in light of our conclusion that defendant breached the "no interference" clause of the separation agreement.

Affirmed in part, remanded in part.

Judges McCULLOUGH and STEELMAN concur.